Sidney A. Fine, J.
Motion for summary judgment is granted. Plaintiff, receiver in supplementary proceedings, instituted this action to recover accrued stipulated payments due the judgment debtor under a contract pursuant to which the debtor granted the defendant a license to use trade-mark material. The defendant’s answer admits the existence of the agreement and that it has not paid the debtor the instalments due on and after December 1, 1954. The answer also sets forth .an affirmative defense of a setoff representing advances made by it on and after September 9,1954, against the instalments due on December 1, 1954, March 1 and June 1, 1955 which advances were made at the request of the debtor in the latter’s defense of an action pending in the Federal District Court. In addition defendant pleads two cross claims which seek an adjudication as to the debtor’s liability to indemnify defendant for all expenses and damages it may suffer as the result of the Federal District Court suit.
The pleadings and affidavits hereon established that supplementary proceedings had been instituted against the debtor and defendant, as third party, before the judgment debtor authorized defendant to apply the future license payments to reimburse the latter for expenses advanced on behalf of the debtor and prior to the latter’s promise to indemnify the defendant for any damages and expenses it may incur in its defense of. the Federal court action involving the sublicense granted by defendant pursuant to the license contract with the judgment' debtor. The obligation to indemnify defendant and the assignment of the debtor’s right to the license payment were ineffectual and invalid. Upon qualifying the receiver acquired title to the assets of the judgment debtor and obtained a lien upon sums to become due from defendant as of the date of the commencement of the supplementary proceedings. As a result of the institution of these proceedings the judgment debtor could not assign any right it had to the payments called for in the license and could not validly authorize defendant to *559 apply the payments to subsequent obligations of the debtor. For the same reason the debtor could not undertake to indemnify defendant for any prospective damages the latter may be called upon to pay in the Federal District Court suit.
It is quite clear from the affidavits that the defendant still wishes to avail itself of the benefits of the license until such time as the actions pending in this court and the Federal District Court determine whether the defendant has a valid license. Undoubtedly, defendant is faced with a dilemma since it cannot, at this time, make up its mind whether to repudiate the license or to continue to accept its benefits. The circumstances, however, would have justified the assertion of the cross claims against the debtor in the Federal action where the ultimate rights of the defendant and the debtor could be determined. In this action those cross claims are premature and contingent as not only is defendant insisting on the validity of the license granted to it but any damages it may incur as a result of the debtor’s inability to confer a valid license depends on the outcome of the Federal suit. Since the defendant’s cross claims for indemnification obviously arose after title to the judgment debtor’s assets vested in the receiver and have not yet matured, they do not constitute a valid defense to the action herein.
Since the defendant is still operating under the license and presumably enjoys the benefits conferred thereunder it remains liable for the payments stipulated in the licensing agreement until it renounces the license.
The clerk is directed to enter judgment in favor of the plaintiff in the sum of $25,000 with interest as demanded in the complaint.